DLD-203                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2246
_____

IN RE:  MICHAEL FORREST,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to Civ. No. 2-11-cv-07773)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 14, 2012
Before:  AMBRO, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: June 25, 2012)
_____

OPINION
_____

PER CURIAM

        Michael Forrest has filed a petition for a writ of mandamus directing the United

States Marshals to serve his complaint filed in the District Court and the District Court to

issue various orders.  For the reasons below, we will deny the petition.

        Forrest filed a complaint in the District Court for the Eastern District of

Pennsylvania alleging violations of the Racketeer Influenced and Corrupt Organizations

Act (RICO) by numerous defendants.  Shortly thereafter, the court ordered him to pay the

filing fee or file a motion for leave to proceed in forma pauperis.  In lieu of a motion,

Forrest filed an affidavit setting forth his lack of assets. He also filed motions in the District Court requesting an order directing the United States Marshal to effect service of the complaint on the defendants, a protective order, and a mandatory civil investigative demand. In addition, he filed a motion for appointment of counsel. The District Court has not yet acted on these motions. Instead, the District Court dismissed the complaint without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A, and allowed Forrest 21 days to amend his pleadings by filing a RICO case statement detailing his allegations in the form provided in the court's order. In response, Forrest amended his pleadings on March 1, 2012. He subsequently filed an amended complaint on March 5, 2012; another amended pleading related to the RICO case statement on March 22, 2012; and a "supplemental/amendatory complaint" on April 6, 2012. On May 8, 2012, Forrest filed his mandamus petition.

A writ of mandamus should be issued only in extraordinary circumstances. See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Typically, the petitioner must show that there is no alternative remedy or other adequate means of relief and demonstrate a clear and indisputable right to the relief sought. Kerr v. U.S. Dist. Court for N. Dist. of Cal., 426 U.S. 394, 403 (1976). A mandamus petition is not a substitute for an appeal. In re Kensington Intern. Ltd., 353 F.3d 211, 219 (3d Cir. 2003).

If a plaintiff is proceeding in forma pauperis under 28 U.S.C. § 1915, the District Court must order service by a United States Marshal or deputy marshal. See Fed. R. Civ. P. 4(c)(3). The District Court, however, has not yet given Forrest leave to proceed in

2

forma pauperis. We note that Forrest has had three actions or appeals dismissed as frivolous: Forrest v. Fulcomer, C.A. No. 88-1036 (3d Cir. Mar. 18, 1988); Forrest v. Vaughn, 2:95-cv-05994-WD (E.D. Pa. Oct. 11, 1995); and Forrest v. Meyers, 3:01-cv-02065-ARC-KH (M.D. Pa. Dec. 14, 2001). Under § 1915(g), a prisoner who has three such dismissals may not proceed in forma pauperis unless he is in imminent danger of serious physical injury at the time he files the complaint. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001).

Moreover, because Forrest is a prisoner, the District Court must first screen the case under § 1915A to determine whether the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune. The District Court performed this screening and dismissed the complaint without prejudice, allowing Forrest 21 days to amend his pleadings. Forrest responded by filing amended pleadings, but the District Court has not yet ruled on those pleadings.

For all these reasons, Forrest cannot show a clear and indisputable right to an order directing service of the complaint or other relief sought, and we will deny the petition for mandamus.